UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FRANCIS BARRIOS,                                                   Plaintiff,

v.                                               Civil Action No. 3:18-cv-132-DJH-RSE

CALEB ELMORE,                                         Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Caleb Elmore's objection to the April 8, 2020 Order of Magistrate Judge Regina S. Edwards (Docket No. 79), Plaintiff Francis Barrios's motion for leave to file a response to that objection (D.N. 87), and Elmore's motion to strike Barrios's response (D.N. 85). The Order at issue disposed of three non-dispositive matters: Elmore's motion to exclude Charles Thomas as a new expert witness (D.N. 64), Barrios's motion to amend or correct the scheduling order (D.N. 68), and Barrios's motion for leave to schedule and take trial depositions (D.N. 69). For the reasons explained below, the Court will overrule Elmore's objections and grant Barrios's motion for leave to respond.

**I.**

Barrios, a former chemistry professor at Bellarmine University, brought this action against his former student and research assistant, Elmore, for terroristic threatening, assault, intentional infliction of emotional distress, defamation, and abuse of process. (D.N. 1-3, PageID # 24-29; D.N. 59, PageID # 1012, 1020) The Court previously dismissed some of Barrios's claims, leaving only his claims of terroristic threatening, assault, and intentional infliction of emotional distress. (D.N. 15, PageID # 149) After the Court denied Elmore's motion for summary judgment as to

1

these remaining claims (D.N. 59), the matter was set for trial on May 18, 2020 (D.N. 60).[1]  A final pretrial conference was scheduled for May 8, 2020,[2] and the parties were required to "comply with FRCP 26(a)(3) as to witnesses and exhibits" at least fourteen days prior to the conference. (D.N. 66)

On January 30, 2020, Barrios filed an "Amended and Supplemental Expert Disclosure" that identified Charles Thomas as a new therapist whom Barrios had started seeing around February 2019.  (D.N. 63)  Elmore moved to exclude this new expert witness (D.N. 64), and Barrios filed both a response to Elmore's motion (D.N. 67) and a motion to amend or correct the scheduling order to allow supplementation of his expert disclosures (D.N. 68).  Barrios also filed a motion for leave to schedule and take trial depositions.  (D.N. 69)

Judge Edwards issued an Order on Elmore's motion to exclude and Barrios's motion to amend and motion for leave.  (D.N. 78)  Judge Edwards granted Elmore's motion to exclude, denied Barrios's motion to amend, and granted Barrios's motion for leave in part, as to the depositions he sought from Dr. Sheri Weber, Dr. James Baranski, and Dr. Charles Thomas.  (*Id.*, PageID # 1114)  Elmore promptly filed an objection to the portion of Judge Edwards's Order that granted Barrios leave to take trial depositions of the three doctors, arguing that the decision was clearly erroneous and contrary to law.  (D.N. 79, PageID # 1115)

## II.

Barrios filed a response to Elmore's objection.  (*See* D.N. 84)  Elmore moved to strike Barrios's response, arguing that it was filed in violation of Local Rule 72.2.  (D.N. 85, PageID # 1151)  Barrios then sought leave to file the response, arguing that his response would

---

[1] The trial in this matter has been continued to September 8, 2020.  (*See* D.N. 82)
[2] Likewise, the final pretrial conference has been continued to August 8, 2020.  (*Id.*)

aid the Court in resolving the issues before it. (D.N. 87, PageID # 1160) Thus, as a preliminary matter, the Court must first determine whether to allow Barrios's response.

**A.      Motion for Leave to File a Response**

Local Rule 72.2, titled "Objections to Non-Dipositive Ruling of Magistrate Judge," provides that "[u]nless directed by the Court, no party may file a response to a written objection." LR 72.2. "Thus, the local rule clearly contemplates the discretionary authority of the Court to grant leave for a party to file a response to a written objection to a Magistrate Judge's non-dispositive ruling." *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-507-CHB, 2018 U.S. Dist. LEXIS 178165, at *2-*3 (W.D. Ky. Oct. 17, 2018); *see also Fenwick v. Hartford Life & Accident Ins.*, No. 3:13-CV-1090-CHB, 2018 U.S. Dist. LEXIS 198323, at *2 (W.D. Ky. Nov. 21, 2018). "This rule does not contain a blanket 'clear prohibition on [such] responses' even where the Court grants leave to file one." *Davis*, 2018 U.S. Dist. LEXIS 178165, at *3 (contrasting R. 107 at 1). "Because the Court believes that [Barrios's] response will aid it in resolving the issues, it will grant the motion to file the response and deem the response to be timely filed." *Id.* Moreover, Elmore requests new relief in his objection in the form of costs and fees, thereby transforming that objection into a new motion that requires a response. *Cf. Schall v. Suzuki Motor of Am., Inc.*, No. 4:14-cv-74-JHM, 2018 U.S. Dist. LEXIS 873, at *4 (W.D. Ky. Jan. 3, 2018) (striking the plaintiff's response to defendant's objection because the defendant restated "the relief it seeks in its objection" which did "not transform its objection into a new motion that requires a response").

**B.     Standard of Review for Objections to Magistrate Judge's Order**

Elmore clarified in his motion to strike that his objection was filed pursuant to Fed. R. Civ. P. 72. (D.N. 85, PageID # 1150) Accordingly, the Court construes Elmore's motion as seeking relief under Rule 72(a).

Federal Rule of Civil Procedure 72(a) provides that the Court "must consider timely objections" to a magistrate judge's order on a non-dispositive matter and must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A [factual] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Crosswater Canyon v. Allied World Assur. Co. United States*, No. 19-64-DLB-CJS, 2020 U.S. Dist. LEXIS 125755, at *5 (E.D. Ky. July 17, 2020) (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)) (alteration in original) (internal quotations omitted). "Alternatively, '[a]n order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id.* (quoting *Bisig*, 940 F.3d at 219) (alteration in original) (internal quotations omitted).

"A magistrate judge's order on non-dispositive matters 'should draw great deference, as the clearly erroneous and contrary to law standards of review present a sizeable burden for a district court to overcome.'" *EMW Women's Surgical Ctr. v. Bevin*, No. 3:17-CV-189-GNS, 2018 U.S. Dist. LEXIS 208843, at *7 (W.D. Ky. Sept. 28, 2018) (quoting *Warren v. Sheba Logistics, LLC*, No. 1:15-CV-148-GNS-HBB, 2017 U.S. Dist. LEXIS 49009, at *1 (W.D. Ky. Mar. 31, 2017)). But "[t]he district court cannot simply 'concur' in the magistrate's findings." *Id.* (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)).

### 1. Elmore's Objections

Any party may file objections to an order by a magistrate judge on non-dispositive pretrial matters. *See Crosswater Canyon*, 2020 U.S. Dist. LEXIS 125755, at *4 (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "Objections, however, that are general, repetitive of arguments previously presented to the magistrate judge, or do 'nothing more than state a disagreement with the magistrate's suggested resolution' are improper." *Id.* (quoting *EQT Prod. Co. v. Magnum Hunter Prod. Co.*, No. 5:16-cv-150-JHM, 2017 WL 4974782, at *2 (E.D. Ky. July 19, 2017)); *see also Bustetter v. CEVA Logistics U.S., Inc.*, No. 0:18-cv-58-DLB-EBA, 2019 WL 1867430, at *2 (E.D. Ky. Apr. 25, 2019) ("'Vague, general or conclusory objections' are equivalent to 'a complete failure to object.'" (quoting *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2011))).

A majority of Elmore's objections parrot arguments previously before Judge Edwards. Specifically, Elmore pulled most of his arguments verbatim from his response to Barrios's motion for leave to schedule and take evidentiary depositions. (*See* D.N. 79, PageID # 1116-20) Approximately six pages of Elmore's eight-page objection contain arguments that appear to be directly copied and pasted from this response, which was already considered by Judge Edwards. (*See id.*, PageID # 1120-22) While Elmore changed the language in his objection to substitute Judge Edwards's name where he previously wrote "Plaintiff," this does not render his objections specific to the magistrate judge's decision. "Thus, to the extent [that] the objections are merely repetitive of that which was before Judge [Edwards] and are not specific to her Order, they are overruled as improper." *Crosswater Canyon*, 2020 U.S. Dist. LEXIS 125755, at *7.

Elmore does, however, raise some objections to Judge Edwards's Order that were not presented in his previous filings. Specifically, Elmore argues that (1) Judge Edwards

5

misinterpreted the cases she cited from within the Sixth Circuit on the issue of trial depositions; (2) even had Judge Edwards interpreted the cases correctly, they are distinguishable because they contain two facts not present here; and (3) Judge Edwards did not consider the costs imposed on Elmore. (D.N. 79, PageID # 1120-22) The Court will consider each of these arguments in turn.

### a. Misinterpreted Case Law

In a footnote, Elmore points to two cases cited by Judge Edwards that he claims "actually support[] the conclusion that [her] decision was contrary to law." (D.N. 79, PageID # 1121) These cases are *Brooks v. Caterpillar Global Mining America, LLC*, No. 4:14CV-00022-JHM, D.N. 212 (W.D. Ky. Nov. 27, 2017) and *Rhodes v. Lazy Flamingo 2, Inc.*, No. 2:14-cv-561-FtM-29CM, 2016 WL 4992418, at *3 (M.D. Fla. Sept. 19, 2016).[3] (*Id.* at n.3)

### i. *Brooks v. Caterpillar*

As to *Brooks*, the Court first notes that Elmore cites a completely different decision in the *Brooks* case than the one relied upon by Judge Edwards. In her Order, Judge Edwards cited docket entry 212 in case No. 4:14CV-00022-JHM, which is an order dated November 27, 2017. (D.N. 78, PageID # 1112) Elmore, however, cites an unpublished opinion dated January 21, 2016. (*See* D.N. 79, PageID # 1121 (citing *Brooks v. Caterpillar Global Mining Am., LLC*, No. 4:14CV-00022-JHM, 2016 U.S. Dist. LEXIS 6843 (W.D. Ky. Jan. 21, 2016)))[4]

---

[3] Elmore cites two other cases in the same footnote, but he does not argue that Judge Edwards misinterpreted these decisions. Instead, he discusses how both cases are distinguishable from the present matter. (*See* D.N. 79, PageID # 1122) Accordingly, the Court will discuss these in the next section.

[4] Elmore's citation is written as follows: *Brooks v. Caterpillar Global Mining Am., LLC*, W.D.Ky. No. 4:14CV-00022-JHM, 2016 U.S. Dist. LEXIS 6843 (Doc# 212, Nov. 27, 2017). However, the opinion corresponding with the citation "2016 U.S. Dist. LEXIS 6843" actually shows a date of January 21, 2016. Accordingly, to the extent that Elmore states that the date for this citation is November 27, 2017, or that this opinion corresponds with docket entry 212, he is incorrect.

As to the *Brooks* order cited by Judge Edwards, she correctly pointed to it for the proposition that when "allowing or disallowing a deposition to be taken for use at trial, the Court should 'consider all circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial.'" *Brooks*, No. 4:14CV-00022-JHM, D.N. 212, PageID # 5279 (citation omitted). Despite his incorrect citation, Elmore did pull a quote from this correct Order in his objection. Curiously, however, Elmore cut the quote short. Had he included the full quote, it would have read, "Clearly, Plaintiffs could have taken steps to secure [the witness's] testimony earlier *than two weeks prior to trial*." *Id.* (emphasis added) Unlike the plaintiffs in *Brooks*, Barrios did not wait until two weeks prior to trial to secure the witness's testimony. Instead, he filed his motion *months* prior to trial. Accordingly, Judge Edwards did not misapply *Brooks*, as she found that "while Barrios certainly could have sought these depositions earlier, he did not request them for the first time on the eve of trial. [Instead], [h]is motion was filed almost three months before trial is scheduled to begin." (D.N. 78, PageID # 1112)

## ii. *Rhodes v. Lazy Flamingo 2*

As to *Rhodes*, Elmore correctly explains that the case found no distinction between trial depositions and discovery depositions. *Rhodes*, 2016 U.S. Dist. LEXIS 126944, at *5. But the fact that this case found no distinction does not mean that Judge Edwards "fail[ed] to apply or misapplie[d]" relevant case law. *Crosswater Canyon*, 2020 U.S. Dist. LEXIS 125755, at *5.

Judge Edwards noted in her Order that while several courts have applied the position advanced by Elmore, "these courts have noted that there may be appropriate circumstances under which a party could proceed to take a deposition of a witness to perpetuate testimony at trial." (D.N. 78, PageID # 1111 (citations and internal quotations omitted)) Judge Edwards then explained that there also exists another line of cases finding that "[e]ven though the rules provide

no distinctions between discovery and trial depositions, courts have recognized as a practical matter that, in fact, differences exist." (*Id.* (citations omitted))  Specifically, Judge Edwards noted that "[s]everal district courts within the Sixth Circuit have recognized this 'practical distinction' between discovery depositions and trial depositions." (*Id.* (citations omitted))  Thus, Judge Edwards did not misapply relevant case law as there is legal authority in line with her decision. *See Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-2472, 2020 U.S. Dist. LEXIS 102401, at *6-*7 (W.D. Tenn. June 10, 2020) (citing *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006) ("That reasonable minds may differ on the wisdom of a legal conclusion does not mean that it is clearly erroneous or contrary to law."))  Thus, Judge Edwards's Order "is not contrary to law for failing to follow nonbinding precedent." *Id.* at *9; *see also White v. City of Cleveland*, 417 F. Supp. 3d 896, 909-10 (N.D. Ohio 2019) ("[T]here is clearly legal authority that supports the Magistrate Judge's decision, and the fact that [a case] provides some support for the objector's argument is not enough to conclude [that] the Magistrate Judge's decision was . . . contrary to law.").

### b.    Case Law Distinguishable from Present Facts

Next, Elmore argues that some of the cases cited by Judge Edwards are distinguishable from the present matter because those "cases permitted trial depositions in a unique and limited situation with two facts not present in this case: (1) the witness had been previously deposed during the time permitted for discovery; and (2) the depositions . . . involved witnesses who both parties had expected would present live testimony at trial." (D.N. 79, PageID # 1121)  Although the cases cited by Judge Edwards are factually distinguishable from the case presented to the Court, this does not render Judge Edwards's Order contrary to law because the purpose for which Judge Edwards cited these cases stands independent of the underlying facts.  Accordingly, "it was not

8

contrary to law for the Magistrate Judge to cite [these cases] in support of her analysis." *Steed v. GM, LLC*, No. 11-2351-STA-dkv, 2013 U.S. Dist. LEXIS 5557, at *22, n.12 (W.D. Tenn. Jan. 11, 2013) (finding that although plaintiff argued that the cited case was factually distinguishable from the case at bar, "the Magistrate Judge cited [the case] exactly twice and only for rules that apply generally to any discovery dispute").

Judge Edwards cited *Haydar v. Amazon Corporate, LLC*, No. 2:16-cv-13662, 2019 WL 3892405, at *2 (E.D. Mich Aug. 19, 2019); *Johnson v. United States*, 3:15cv-00715-DJH-CHL, D.N. 71, p.2 (W.D. Ky. Sept. 9, 2019); *Benedict v. United States*, No. 15-10138, 2016 WL 6138599, at *2 (E.D. Mich. Oct. 21, 2016); and *El-Camino Res., Ltd.*, *v. Huntington Nat. Bank*, No. 07-598, 2009 WL 1228680, at *5 (W.D. Mich. Apr. 30, 2019), to show that several district courts within the Sixth Circuit have recognized a "practical distinction" between trial and discovery depositions. (D.N. 78, PageID # 1111-12)  And these cases do, in fact, note such a practical distinction. *See Haydar*, 2019 U.S. Dist. LEXIS 148028, at *5 (granting the motion to take trial depositions of non-parties after finding that the "practical distinction between discovery depositions and trial depositions has been recognized by trial courts in this district" (citation and internal quotation marks omitted)); *Johnson*, 3:15cv-00715-DJH-CHL, D.N. 71, PageID # 726 (noting that despite the absence of a distinction in the Federal Rules of Civil Procedure, "many courts recognize the common-sense distinction between the two" (citation and internal quotation marks omitted)); *Benedict*, 2016 U.S. Dist. LEXIS 112162, at *4 (noting that a distinction between trial depositions and discovery depositions "has been recognized by trial courts in this district"); *El-Camino*, 2009 U.S. Dist. LEXIS 36704, at *15 (finding that "[t]he universal and longstanding practice in this court (and most other trial courts)" is to recognize "this common sense distinction" between discovery and trial depositions).

### c. **Costs Imposed on Elmore**

Finally, Elmore argues that Judge Edwards's Order "was also incorrect because [she] failed to consider the expense imposed on [Elmore] by permitting three out[-]of[-]state trial depositions." (D.N. 79, PageID # 1122)  The Court first notes that Elmore did not make an argument regarding potential costs until his Objection (*see* D.N. 64; D.N. 70; D.N. 71; D.N. 72), and "an order [cannot] be clearly erroneous or contrary to law for its failure to address arguments that were never made." *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, No. 5:12-00114-KKC, 2014 U.S. Dist. LEXIS 65503, at *7 (E.D. Ky. May 13, 2014).

Regardless, a decision not to require Barrios to pay Elmore's costs and expenses would not run contrary to the law.  Elmore cites no case law—and the Court is aware of none—for the proposition that a Court *must* consider whether to impose costs and fees on the party requesting trial depositions.  In the only case cited by Elmore, *Haydar*, the Court determined that the defendant would cover costs and fees after the requesting party offered to pay opposing counsel's travel expenses.  2019 U.S. Dist. LEXIS 148028, at *2, *7.  Thus, Elmore provides no relevant authority for the proposition that Courts are required to consider costs and fees when granting leave to take a trial deposition.

Moreover, as Elmore took great pains to point out—and the Court has already noted—*Haydar*, the only case cited by Elmore in support of his position, is factually distinguishable from the matter before the Court.[5]  As there is no binding authority that a court must impose costs and fees for trial depositions, Elmore relies solely on the fact that the *Haydar* court made such a ruling

---

[5] The Court has already disposed of Elmore's argument that Judge Edwards's "fail[ure] to consider the expense imposed" rendered her Order incorrect.  Therefore, the Court's discussion as to the distinguishable facts here only serves to demonstrate that even had Judge Edwards considered the potential costs, it would not run contrary to the law for Elmore not to receive such payment.

10

to support his argument. Thus, unlike Judge Edwards's citation to *Haydar* for a general legal proposition, Elmore cites *Haydar* for its factual basis and outcome. (*See* D.N. 79, PageID # 1122 (stating that Judge Edwards should have taken into account the costs imposed on Elmore because the *Haydar* court "condition[ed] permission to take the trial depositions on the party seeking the depositions covering trial expenses . . . as well as the fees for counsel's time spent preparing for, traveling to, and attending the depositions"))

As explained above, the defendant in *Haydar* offered to pay such expenses when it requested leave to take the trial depositions. 2019 U.S. Dist. LEXIS 148028, at *2. Further, the plaintiff in that case had already deposed the three witnesses at issue during discovery while the defendant had not asked any questions, and the depositions were going to take place in two different states—Washington and California. *Id.* The Court therefore agrees with Barrios that unlike in *Haydar*, Elmore will not be forced to incur additional or duplicate fees and expenses previously incurred, and his financial burdens will be no more than they would have been had the depositions been secured previously. (*See* D.N. 84, PageID # 1148)

Thus, because the factual basis of *Haydar* upon which Elmore relies is distinguishable from the present matter before the Court, it would not be clearly erroneous or contrary to law to deny Elmore's request for costs and fees. *See, e.g.*, *Bose v. Roberto De La Salud Bea & Rhodes College*, No. 2:16-cv-02308-JTF-tmp, 2017 U.S Dist. LEXIS 231604, at *14 (W.D. Tenn. Nov. 9, 2017) (finding that defendant's citation to cases from the Southern District of Ohio did "not necessitate a finding" that the Magistrate Judge's decision on the matter was "clearly erroneous or contrary to law because the cases are distinguishable from the present circumstance and do not bind this Court as a matter of precedent"). In sum, Elmore has failed to establish that Judge Edwards's Order was clearly erroneous or contrary to law. His objections will therefore be overruled.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Barrios's motion for leave to file a response (D.N. 87) is **GRANTED**. The Response (D.N. 84) is deemed timely filed. Elmore's motion to strike the response (D.N. 85) is **DENIED** as moot.

(2)     Elmore's Objection (D.N. 79) to Magistrate Judge Regina S. Edwards's Order (D.N. 78) is **OVERRULED**.

July 29, 2020

                                              **David J. Hale, Judge**
                                      **United States District Court**