# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:18-CV-00132-RSE

**FRANCIS BARRIOS**                                                                                       **PLAINTIFF**

**VS.**

**CALEB ELMORE**                                                                                          **DEFENDANT**

\* \* \* \* \*

## JURY INSTRUCTIONS

**Members of the Jury**, now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions on the law applicable to this case.

It is your duty as jurors to follow the law stated in the instructions, and to apply it to the facts you find from the evidence.

Do not single out one instruction alone as stating the law. Rather, consider these instructions as a whole.

Do not let the wisdom of any rule of law concern you. You must apply the law in these instructions whether you agree with it or not.

It is your duty to determine the facts. In so doing, you must consider only the evidence I have admitted. The term "evidence" includes the sworn testimony of the witnesses, both live and by video deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls. You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

What the lawyers have said is not binding upon you. Neither my legal rulings nor my comments and questions are considered evidence. Lawyers have a duty to object when they believe

a question is improper. You should not be influenced by any objection, and you should not infer from my ruling that I have any view as to how you should decide the case. The attorneys' opening and closing statements to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

There are two types of evidence: "direct evidence" and "circumstantial evidence." Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. If a witness testified that he/she saw it raining outside, and you believed him/her, that would be direct evidence that it was raining. Circumstantial evidence is proof of one or more facts from which one could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining. The law makes no distinction between the weight that you should give to either one, and does not say that one is any better evidence than the other. It is your job to decide how much weight to give the direct and circumstantial evidence.

By telling you to consider the evidence, I do not mean to suggest that you must necessarily accept all the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given their testimony. You may measure the credibility of any witness, including an expert witness, by considering their demeanor on the witness-stand, their frankness or lack of it, and their interest in the outcome of the case, if any. The fact that a witness has given an opinion that requires special knowledge or skill (i.e., an "expert" opinion) does not mean you are required to accept it. You should judge their testimony in the same way you judge the testimony of any other witness. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all the other

evidence in the case.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. In evaluating the testimony of any witness, including any party to the case, you may consider, among other things: the ability and opportunity the witness had to see, hear, or know the things that the witness testified about; the witness's memory; any interest, bias, or prejudice the witness may have; the witness's intelligence; the manner of the witness while testifying; the witness's age; and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he/she said in the earlier statements, as well as in deciding what weight to give his/her testimony. With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his/her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his/her testimony here in court was true and what weight to give to his/her testimony here in court. In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case. If at any point I instructed you that I admitted certain evidence for a limited purpose, you must consider this evidence only for the limited purpose for which it was admitted.

During the trial, certain testimony was presented to you by the reading and/or playing of recorded depositions. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

A witness may be discredited or impeached by contradictory evidence or by evidence that the witness said or did something, or failed to say or do something, at some other time, which is inconsistent with the witness's present testimony. If you believe any witness has been impeached, and thus discredited, you may determine the weight, if any, to give such a conclusion.

The number of witnesses testifying does not, necessarily, determine the weight you should give testimony. The quality and credibility of the evidence is usually more important in your deliberations. Likewise, the number or length of exhibits does not determine the weight you should give to the exhibits.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

In this case, the Plaintiff must prove his claims and the Defendant must prove his counterclaims by a preponderance of the evidence. "A preponderance of the evidence" means that once you have considered all the evidence in the case, you must be persuaded that the claims are more likely true than not.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a goal of reaching an agreement without conceding your individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow

jurors. In the course of your deliberations, do not hesitate to reexamine your own views and even change your own opinion if you become convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss the case with anyone outside of the jury or provide anyone outside of the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android; or computer, tablet, the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website, such as Facebook, LinkedIn, Instagram, YouTube, or Twitter to communicate with anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. You should not be influenced by any person's race, color, religion, national ancestry, sexual orientation or sex.

Upon retiring to the jury room, you will select someone to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

If you have any questions or messages, the foreperson must write them down on a piece of paper, sign them, and then give them to the jury officer. Do not ever write down or tell anyone, including me, how you stand on your votes. The jury officer will give them to me, and I will respond as soon as I can. Please understand that I may decide it would be inappropriate for me to answer a particular question. If I do that, it is not meant as a criticism of the question, but rather reflects my decision that the law does not permit me to answer a particular question.

A verdict form has been prepared for your convenience. You will take this form to the jury

room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the Verdict Form with respect to each issue on which you unanimously agree. The foreperson will then date the form and sign it with his or her name and jury number. You will then advise the Jury Officer that you are ready to return to the courtroom with your verdict.

     I will now read the specific instructions. You should consider and answer them in the order in which they appear.

**INSTRUCTION NO. I: BARRIOS' CLAIM OF TERRORISTIC THREATENING**

Barrios claims he can recover for his mental and emotional harm because Elmore has violated Kentucky's terroristic threatening statutes, KRS § 508.078 and/or § 508.080.

To find for Barrios on this claim, you must find that Barrios has proven each of the following elements by a preponderance of the evidence.

First, Elmore, with respect to a school function, threatened to commit an act likely to result in the death or serious physical injury of a teacher, OR that Elmore threatened to commit a crime likely to result in serious death or physical injury to another person.

Second, Barrios was injured by Elmore's actions. Barrios must prove that Elmore's threat was the proximate cause of his emotional distress – i.e., that Elmore's conduct was a substantial factor in bringing about the harm. To satisfy this element, Barrios must show that the injury is a natural and probable consequence of Elmore's actions.

If you find that Barrios has proven these elements by a preponderance of the evidence, then you must find for Barrios. However, if you find that Barrios did not prove this by a preponderance of the evidence, then you must find for Elmore.

**INSTRUCTION NO. II: BARRIOS' CLAIM OF ASSAULT**

Barrios claims he can recover for his mental and emotional harm because Elmore committed an assault when he threatened Barrios.

To succeed on this claim, Barrios must prove each of the following facts by a preponderance of the evidence:

First, Elmore threatened the unwanted touching of Barrios.

Second, Barrios was injured by Elmore's actions. Barrios must prove that Elmore's threat was the proximate cause of his emotional distress - i.e., that Elmore's conduct was a substantial factor in bringing about the harm. To satisfy this element, Barrios must show that the injury is a natural and probable consequence of Elmore's actions.

If you find that Barrios has proven these elements by a preponderance of the evidence, then you must find for Barrios. However, if you find that Barrios did not prove this by a preponderance of the evidence, then you must find for Elmore.

**INSTRUCTION NO. III: BARRIOS' CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Barrios claims he can recover for his mental and emotional harm because Elmore intentionally inflicted emotional distress on Barrios.

To succeed on this claim, Barrios must prove each of the following elements by a preponderance of the evidence:

First, Elmore's conduct was intentional or reckless.

Second, Elmore's conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.

Third, Barrios' emotional distress was caused by Elmore's conduct. To satisfy this element of this claim, Barrios must present medical or scientific proof to support the claimed injury or impairment.

Fourth, the distress suffered by Barrios was severe. To satisfy this element, Barrios must suffer distress that is substantially more than mere sorrow. Distress that does not significantly affect Barrios' everyday life or require significant treatment will not suffice.

If you find that Barrios has proven these elements by a preponderance of the evidence, then you must find for Barrios. However, if you find that Barrios did not prove this by a preponderance of the evidence, then you must find for Elmore.

**INSTRUCTION NO. IV: BARRIOS' COMPENSATORY DAMAGES**

If you find that Barrios has proven all the required elements of any of his claims, you should then consider what, if any, compensatory damages Barrios should receive. If you do not find for Barrios on the question of liability for any of his claims, then you should not consider the question of damages for Barrios.

When considering Barrios' compensatory damages, you should determine what amount, if any, has been proven by a preponderance of the evidence as full, just, and reasonable compensation for all Barrios' damages as a result of Elmore's actions, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Elmore. Compensatory damages also must not be based on speculation or guesswork.

In determining the amount of damages, if any, due to Barrios you should not award any damages related to his loss of employment. Barrios is only entitled to damages for emotional distress, if any, caused by Elmore's actions.

You should consider the following elements of damages, to the extent you find that Barrios has proven them by a preponderance of the evidence, and no others: emotional pain and mental anguish. To determine whether and how much Barrios should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury, tangible and intangible.

You will determine what amount fairly compensates Barrios for his claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

The fact that I have given you instructions concerning the issue of Barrios' damages should not be interpreted in any way as an indication that I believe Barrios should, or should not, prevail in this case.

**INSTRUCTION NO. V: BARRIOS' PUNITIVE DAMAGES**

If you find that Barrios is entitled to compensatory damages, you should then proceed to consider what, if any, punitive damages Barrios should receive. Punitive damages are available only if you have found that Barrios has proven all the required elements of his claim for assault or his claim for mental and emotional harm because Elmore intentionally inflicted emotional distress on Barrios. If you do not find Barrios has proven all the required elements for assault or intentional infliction of emotional distress, then you may not award punitive damages. Even if you find for Barrios on his terroristic threatening claim, you may not award punitive damages on that claim specifically.

Punitive damages may be awarded upon Barrios' showing by clear and convincing evidence that Elmore acted toward him with either oppression or malice. Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. "Clear and convincing" means evidence that provides your mind a firm belief or conviction as to the facts sought to be established. "Oppression" means conduct which is specifically intended by Elmore to subject Barrios to cruel and unjust hardship. "Malice" means intentionally cruel and unjust or intentionally injurious behavior. Malice may be implied from outrageous conduct and need not be express so long as the conduct is sufficient to evidence conscious wrongdoing.

If you determine that punitive damages should be awarded, you should consider the following elements in determining the amount:

    (a) the likelihood at the relevant time that serious harm would arise from Elmore's misconduct;
    (b) the degree of Elmore's awareness of that likelihood;
    (c) the profitability of the misconduct to Elmore;
    (d) the duration of the misconduct and any concealment of it by Elmore; and
    (e) any actions by Elmore to remedy the misconduct once it became known to him.

The fact that I have given you instructions concerning punitive damages should not be interpreted in any way as an indication that I believe Barrios should, or should not, prevail in this case.

## INSTRUCTION NO. VI: ELMORE'S CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Elmore claims he can recover for his mental and emotional harm because Barrios intentionally inflicted emotional distress on Elmore.

To succeed on this claim, Elmore must prove each of the following elements by a preponderance of the evidence:

First, Barrios' conduct was intentional or reckless.

Second, Barrios' conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.

Third, Elmore's emotional distress was caused by Barrios' conduct. To satisfy this element of this claim, Elmore must present medical or scientific proof to support the claimed injury or impairment.

Fourth, the distress suffered by Elmore was severe. To satisfy this element, Elmore must suffer distress that is substantially more than mere sorrow. Distress that does not significantly affect Elmore's everyday life or require significant treatment will not suffice.

If you find that Elmore has proven these elements by a preponderance of the evidence, then you must find for Elmore. However, if you find that Elmore did not prove this by a preponderance of the evidence, then you must find for Barrios.

**INSTRUCTION NO. VII: ELMORE'S CLAIM OF STALKING**

Elmore claims that he can recover for his mental and emotional harm under Kentucky's negligence per se statute because Barrios has violated Kentucky's anti-stalking statute, KRS § 508.150.

To succeed on this claim, Elmore must prove each of the following elements by a preponderance of the evidence:

First, Barrios committed "stalking" as that term is defined under Kentucky law. To "stalk" means to:

(1) engage in an intentional course of conduct;
(2) directed at a specific person or persons;
(3) which seriously alarms, annoys, intimidates, or harasses the person or persons; and
(4) which serves no legitimate purpose.

The course of conduct must be that which would cause a reasonable person to suffer substantial mental distress. A "course of conduct" means a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

Second, Barrios made an explicit or implicit threat with the intent to place Elmore in reasonable fear of sexual contact. "Sexual contact" means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying the sexual desire of either party.

If you find that Elmore has proven these elements by a preponderance of the evidence, then you must find for Elmore. However, if you find that Elmore did not prove this by a preponderance of the evidence, then you must find for Barrios.

**INSTRUCTION NO. VIII: ELMORE'S COMPENSATORY DAMAGES**

If you find that Elmore has proven all the required elements of any of his claims, you should then consider what, if any, compensatory damages Elmore should receive. If you do not find for Elmore on the question of liability for any of his claims, then you should not consider the question of damages for Elmore.

When considering Elmore's compensatory damages, you should determine what amount, if any, has been proven by a preponderance of the evidence as full, just, and reasonable compensation for all Elmore's damages as a result of Barrios' actions, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Barrios. Compensatory damages also must not be based on speculation or guesswork.

You should consider the following elements of damages, to the extent you find that Elmore has proven them by a preponderance of the evidence, and no others: emotional pain and mental anguish. To determine whether and how much Elmore should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury, tangible and intangible.

You will determine what amount fairly compensates Elmore for his claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

The fact that I have given you instructions concerning the issue of Elmore's damages should not be interpreted in any way as an indication that I believe Elmore should, or should not, prevail in this case.

**INSTRUCTION NO. IX: ELMORE'S PUNITIVE DAMAGES**

If you find that Elmore is entitled to compensatory damages, you should then proceed to consider what, if any, punitive damages Elmore should receive. Punitive damages are available only if you have found that Elmore has proven all the required elements of his claim for mental and emotional harm because Barrios intentionally inflicted emotional distress on Elmore. Even if you find for Elmore on his stalking claim, you may not award punitive damages on that claim specifically.

Punitive damages may be awarded upon Elmore's showing by clear and convincing evidence that Barrios acted toward him with either oppression or malice.

Clear and convincing evidence is a higher standard of proof than preponderance of the evidence. "Clear and convincing" means evidence that provides your mind a firm belief or conviction as to the facts sought to be established.

"Oppression" means conduct which is specifically intended by Barrios to subject Elmore to cruel and unjust hardship. "Malice" means intentionally cruel and unjust or intentionally injurious behavior. Malice may be implied from outrageous conduct and need not be express so long as the conduct is sufficient to evidence conscious wrongdoing.

If you determine that punitive damages should be awarded, you should consider the following elements in determining the amount:

(a) the likelihood at the relevant time that serious harm would arise from Barrios' misconduct;
(b) the degree of Barrios' awareness of that likelihood;
(c) the profitability of the misconduct to Barrios;
(d) the duration of the misconduct and any concealment of it by Barrios; and
(e) any actions by Barrios to remedy the misconduct once it became known to him.

The fact that I have given you instructions concerning punitive damages should not be interpreted in any way as an indication that I believe Elmore should, or should not, prevail in this case.